**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JAMES NELSON,**

      **Plaintiff,**

**vs.**                                          **CASE NO. 4:08CV132-WS/AK**

**FLORIDA DEPARTMENT
OF CORRECTIONS, et al,**

      **Defendants.**

                                               /


**O R D E R**

Plaintiff was directed by Order dated April 23, 2008, to pay an initial partial filing fee of $1.67 on or before May 25, 2008.  (Doc. 6).  Plaintiff filed a motion to avoid this fee, but it was denied, and the fee has still not been paid.

The Court has also conducted a cursory review of the complaint filed in this cause and finds that Plaintiff has failed to state any claims for relief.  The Defendants named in the complaint are not persons within the meaning of the civil rights act, 42 U.S.C. §1983: FDOC, State of Florida, Madison Correctional Institution.  Plaintiff also names Beki Johnson, Librarian, and vaguely asserts claims of denial of access to the courts, but does not specify what she has done to hinder this access or otherwise violate his civil rights.  His complaint is largely incoherent and makes a multitude of claims without any specific facts to support them.

Consequently, Plaintiff must pay the partial filing fee and file an amended complaint or it will be recommended that this cause be dismissed for failure to prosecute.

If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

Plaintiff should delete FDOC, the State of Florida, and Madison CI and name only persons whom he alleges took acts that violate his rights.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep

**No. 4:08cv132-WS/AK**

one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must pay the initial partial filing fee of $1.67 and file an amended complaint on or before **November 10, 2008.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  _**10**th_  day of October, 2008.


_**s/ A. KORNBLUM**_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**No. 4:08cv132-WS/AK**