## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAMES NELSON,**

      **Plaintiff,**

**vs.**                               **CASE NO. 4:08CV132-WS/AK**

**HARRY STEIN, et al,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff brings this cause against a number of persons, agencies, and institutions, and despite being given an opportunity to clarify and specify his claims against them, he has failed to provide sufficient information in a coherent fashion to allow this Court adequate review.  (Doc. 19).

      A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

      *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be

assumed that a Plaintiff will prove facts which have not been alleged.  <u>Quality Foods de</u>

<u>Centro America</u>, 711 F.2d at 995, *citing* <u>Associated General Contractors of California,</u>

<u>Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L.

Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is

quite liberal, "bald assertions and conclusions of law will not suffice."  <u>Leeds v. Meltz</u>, 85

F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's

complaint liberally is not the equivalent of a duty to rewrite it.  <u>Peterson v. Atlanta</u>

<u>Housing Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be

frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint

and have benefit of the defendant's response before making such a determination, but

there are compelling reasons for immediately dismissing frivolous suits by prisoners

since they unduly burden the courts, obscure meritorious claims, and require innocent

parties to expend significant resources in their defense. <u>Williams v. Secretary for the</u>

<u>Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to

service is also appropriate when the Court determines from the face of the complaint

that the factual allegations are clearly baseless or that the legal theories are

indisputably meritless.  <u>Williams</u>, *supra*; <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir.

1993).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

amended complaint (doc. 19) be **DISMISSED** for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

**No. 4:08cv132-WS/AK**

this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this ___**16**th day of January, 2009.


_s/ A. KORNBLUM_ _____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:08cv132-WS/AK**